## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

| | |
|---|---|
| Melissa Wilcox,<br><br>       Plaintiff,<br><br>v.<br><br>Nelson, Watson & Associates, LLC,<br>John Doe, and Jane Doe,<br><br>      Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.   Plaintiff Melissa Wilcox is a natural person who resides in the City of Brooklyn Center, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or a person affected by a violation of the FDCPA with standing to bring this claim.

5.   Defendant Nelson, Watson & Associates, LLC, (hereinafter "Defendant NWA") is a collection agency and foreign corporation operating from an address of 80 Merrimack St Lower Level, Haverhill, Massachusetts 01830, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Defendant John Doe (hereinafter "Defendant John Doe") is a natural person(s) who was employed at all times relevant herein by Defendant NWA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Defendant Jane Doe (hereinafter "Defendant Jane Doe") is a natural person(s) who was employed at all times relevant herein by Defendant NWA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.   Sometime before 2010, Plaintiff's brother-in-law incurred a financial obligation that was primarily for personal, family or household purposes and

is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt upon information and belief owned by Capital One Services, LLC, in the approximate amount of $11,000.

9.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection.

### *Repeated Illegal Third-Party Calls to Plaintiff's Home*

10.   Beginning in or around late March 2010 or early April 2010, Defendants had several conversations with Plaintiff attempting to collect this debt, each of which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.   Plaintiff did not owe this debt and is not alleged to owe is, but is a person affected by Defendants' repeated violations of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

12.   Plaintiff had several conversations with Defendants telling them not to call her again.

13.   On one occasion, Defendants also contacted and spoke with Plaintiff's mother-in-law who was babysitting at Plaintiff's home, on or about April 1, 2010.

14.   Defendants were calling Plaintiff for her brother-in-law in attempt to get him to call them back.

15.  Plaintiff did not live with her brother-in-law, did not authorize these collection calls to her home, and repeatedly asked the Defendants to stop calling her.

16.  Defendants repeatedly failed to properly identify themselves, their employer when asked, or provide the notices required by the FDCPA.

17.  These above-described communications by Defendants were harassing, abusive, oppressive, false, deceptive, and illegal communications in an attempt to collect this debt, and repeated illegal contacts with a third-party in violation of the FDCPA, all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others, as well as an invasion of Plaintiff's right to privacy under Minnesota law.

### *Abusive Collection Conversations on May 27, 2010*

18.  Sometime around the morning of May 27, 2010, Plaintiff received a call from Defendants at her home, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19.  The collection call was very upsetting to Plaintiff since she had repeatedly told Defendants to stop calling her home for a debt she did not owe.

20. Plaintiff is a busy mother with a special needs child and infant son and cannot handle collection calls to her home for her in-laws, for debts that she does not owe, and for which she has no responsibility.

21. Defendants they were very rude to Plaintiff during this call and it greatly stressed her out.

22. Defendant's collector, Defendant John Doe, spoke with her and told her that he knew her brother-in-law lived at this number.

23. Defendant John Doe told Plaintiff that her brother-in-law had called Defendants from Plaintiff's phone number and that Plaintiff was lying when she said he did not live there.

24. Plaintiff was very upset by being called a liar and by being awakened by this call, all the while trying to avoid waking up her newborn baby.

25. Plaintiff worked as an all night as a social worker on a crisis phone line, and was physically and emotionally exhausted by this abusive call.

26. Plaintiff reminded Defendant John Doe that Defendants were previously told not to call her home as the brother-in-law did not live there and did not use that telephone number.

27. Defendant John Doe responded by defending his actions and saying that Defendants had not called her home in a few weeks.

28.  In turn, Plaintiff, who was very upset by this call asked to speak with a supervisor in order to handle the problem and get these calls to stop.

29.  Plaintiff was then transferred to a female supervisor, Defendant Jane Doe.

30.  Defendant Jane Doe was extremely rude and abusive to Plaintiff, calling her a liar and falsely stating that her brother-in-law in fact lived with Plaintiff.

31.  Defendant Jane Doe also yelled at Plaintiff and was very abusive.

32.  This conversation was very upsetting to Plaintiff after months of calls from Defendants, and after being woken up by the Defendants to take a collection call for a brother-in-law whom she had never lived with and had never used her phone.

33.  Plaintiff had previously and repeatedly told Defendants to stop calling her and to never call her home again.

34.  Plaintiff was in tears during this call to Defendant Jane Doe, working overnights and with a 5-month-old infant and a special needs child.

35.  These above-described communications by Defendants were harassing, abusive, oppressive, false, deceptive, and illegal communications in an attempt to collect this debt, and repeated illegal contacts with a third-party in violation of the FDCPA, all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2),

1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others, as well as an invasion of Plaintiff's right to privacy under Minnesota law.

### *Summary*

36. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant NWA, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

37. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

38. This series of abusive collection calls by Defendants caused Plaintiff to at times cry and made her very upset because of the aggressive manner in which this debt was collected by these Defendants.

39. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other

negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

40.   During their collection communications, Defendants and these individual debt collectors employed by Defendant NWA repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

41.   Defendants repeated attempts to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and her right to be left alone.

42.   Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with other members of her family.

### *Respondeat Superior Liability*

43.   The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant NWA who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NWA.

44.   The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NWA in collecting consumer debts.

45.   By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant NWA.

46.   Defendant NWA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt by communicating with Plaintiff.

## **TRIAL BY JURY**

47.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

48.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.   The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

50.   As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

51.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

53.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

54.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

55. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully contacting her as a non-responsible third party about this debt, and thereby invaded Plaintiff's right to privacy.

56. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

57. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

58. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

59. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 14, 2011              **BARRY & SLADE, LLC**

                                     By:  **s/Peter F. Barry**
                                     Peter F. Barry, Esq.
                                     Attorney I.D.#0266577
                                     2021 East Hennepin Avenue, Suite 195
                                     Minneapolis, Minnesota 55413-1773
                                     Telephone:  (612) 379-8800
                                     Facsimile: (612) 379-8810
                                     pbarry@lawpoint.com

pfb/ra                               **Attorney for Plaintiff**

-14-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA                    )
                                      ) ss
COUNTY OF HENNEPIN                    )

Pursuant to 28 U.S.C. § 1746, Plaintiff Melissa Wilcox, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2011.

_Melissa Wilcox_____
Signature

-15-